TODD BLANCHE
Attorney General
BILAL A. ESSAYLI
First Assistant United States Attorney
JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division
KEVIN Y. FU (Cal. Bar No. 319465)
Assistant United States Attorneys
Orange County Office
Ronald Reagan Federal Bldg. & U.S. Courthouse
411 West 4th Street, Suite 8000
Santa Ana, California 92701
Telephone: (213) 308-7602
Facsimile: (714) 338-3561
E-mail: Kevin.Fu@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>NICHOLAS THOMAS DEL FRANCO and PAUL GARCIA,<br><br>Defendants. | No. SA CR 25-210-DOC<br><br>STIPULATION REGARDING REQUEST FOR (1) CONTINUANCE OF TRIAL DATE AND (2) FINDINGS OF EXCLUDABLE TIME PERIODS PURSUANT TO SPEEDY TRIAL ACT<br><br>**CURRENT TRIAL DATE:** 10-27-2026<br>**PROPOSED TRIAL DATE:** 03-16-2027 |

Plaintiff United States of America, by and through its counsel of record, the First Assistant United States Attorney for the Central District of California and Assistant United States Attorney Kevin Y. Fu, and defendant Nicholas Thomas Del Franco ("defendant" or "defendant Del Franco"), both individually and by and through his counsel of record, Reuven Cohen and Daniel Natal, hereby stipulate as follows:

1. The Indictment in this case was made public on February 9, 2026. Defendant Del Franco first appeared before a judicial officer

of the court in which the charges in this case were pending on February 9, 2026. Co-defendant Paul Garcia first appeared before a judicial office of the court in which the charges in this case were pending on February 23, 2026. The Speedy Trial Act, 18 U.S.C. § 3161, originally required that the trial commence on or before April 20, 2026, as to defendant Del Franco and May 4, 2026, as to defendant Garcia.

2. On February 9, 2026, the Court set a trial date of April 7, 2026, as to defendant Del Franco. On February 23, 2026, the Court set a trial date of April 21, 2026 as to defendant Garcia.

3. Defendants were released on bond pending trial until August 31, 2026, when defendant Garcia (but not defendant Del Franco) was ordered detained pending trial. The parties estimate that the trial in this matter will last approximately 4-5 days. All defendants are joined for trial and a severance has not been granted.

4. The Court has previously continued the trial date in this case to October 27, 2026, and found the interim period from all the previously set trial dates to be excluded in computing the time within which the trial must commence, pursuant to the Speedy Trial Act.

5. By this stipulation, defendant moves to continue the trial date to March 16, 2027, and the status conference date to March 8, 2027.

6. Defendant requests the continuance based upon the following facts, which the parties believe demonstrate good cause to support the appropriate findings under the Speedy Trial Act and which supplement the Court’s statements made at the August 31, 2026 status conference in this case:

a. Defendant is charged with violations of 18 U.S.C. § 1343: Wire Fraud and 18 U.S.C. § 1957: Money Laundering. The government has produced extensive discovery, which includes numerous pages of reports and records, as well as video and audio recordings.

b. On August 31, 2026, defendant's current counsel substituted in as counsel of record. Defense counsel for defendant has represented that they need additional time to prepare for the case given the date of their substitution.

c. In light of the foregoing, counsel for defendant also represent that additional time is necessary to confer with defendant, conduct and complete an independent investigation of the case, conduct and complete additional legal research including for potential pre-trial motions, review the discovery and potential evidence in the case, and prepare for trial in the event that a pretrial resolution does not occur. Defense counsel represent that failure to grant the continuance would deny them reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

d. Defendant believes that failure to grant the continuance will deny them continuity of counsel and adequate representation.

e. The government does not object to the continuance.

f. The requested continuance is not based on congestion of the Court's calendar, lack of diligent preparation on the part of the attorney for the government or the defense, or failure on the part of the attorney for the government to obtain available witnesses.

7. For purposes of computing the date under the Speedy Trial Act by which defendant's trial must commence, the parties agree that the time period of October 27, 2026, to March 16, 2027, inclusive, should be excluded pursuant to 18 U.S.C. §§ 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv) because the delay results from a continuance granted by the Court at defendant's request, without government objection, on the basis of the Court's finding that: (i) the ends of justice served by the continuance outweigh the best interest of the public and defendant in a speedy trial; (ii) failure to grant the continuance would be likely to make a continuation of the proceeding impossible, or result in a miscarriage of justice; and (iii) failure to grant the continuance would unreasonably deny defendant continuity of counsel and would deny defense counsel the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

8. Counsel for non-stipulating defendant Paul Garcia has not been able to ascertain his position on a continuance. Nonetheless, the stipulating parties agree that, pursuant to 18 U.S.C. § 3161(h)(6), the time period of October 27, 2026, to March 16, 2027, constitutes a reasonable period of delay for defendant Paul Garcia, who is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted.

9. Nothing in this stipulation shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods be excluded from the period within which trial must commence. Moreover, the same provisions and/or other provisions of the Speedy

//

//

Trial Act may in the future authorize the exclusion of additional time periods from the period within which trial must commence.

IT IS SO STIPULATED.

Dated: September 2, 2026

Respectfully submitted,

TODD BLANCHE
Attorney General

BILAL A. ESSAYLI
First Assistant United States Attorney

JENNIFER L. WAIER
Chief Assistant United States Attorney &
Chief, Criminal Division

/s/ Kevin Y. Fu
KEVIN Y. FU
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

I am Nicholas Thomas Del Franco’s attorney. I have carefully discussed every part of this stipulation and the continuance of the trial date with my client. I have fully informed my client of his Speedy Trial rights. To my knowledge, my client understands those rights and agrees to waive them. I believe that my client’s decision to give up the right to be brought to trial earlier than March 16, 2027, is an informed and voluntary one.

*/s/ with email authorization* September 2, 2026

REUVEN COHEN
DANIEL NATAL
Attorneys for Defendant
Nicholas Thomas Del Franco

Date